1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11  MIDSON DOXY,                              Case No.:  3:25-cv-02609-BTM-DDL

12                        Petitioner,         **ORDER ISSUING THE WRIT OF**
                                              **HABEAS CORPUS**
13       v.

14

15  CHRISTOPHER LAROSE, Warden,
    Otay Mesa Detention Center,
16  GREGORY ARCHAMBEAULT,
    Director, San Diego Field Office,
17  U.S. Immigration and Customs
    Enforcement, PAM BONDI, Attorney
18  General, U.S. Department of Justice,
    and KRISTI NOEM, Secretary, U.S.
19  Department of Homeland Security
20
                          Respondents.
21

22

23       The Court ordered the Respondents to show cause why the writ of habeas corpus

24  should not issue to release Midson Doxy from custody.  Previously, the Court conditionally

25  granted Doxy's petition for the writ and ordered the Respondents to properly revoke his

26  parole or release him from custody.  For the reasons stated below, the Court now orders

27  Doxy's immediate release from custody.

28

## I.    BACKGROUND

Doxy petitioned the Court for a writ of habeas corpus on October 2, 2025.  (ECF No. 1.)  On December 8, 2025, the Court conditionally granted the petition.  (ECF No. 5 ("Order").)  The Court held that the Respondents were required to "remedy their improper revocation of Doxy's parole" by (1) "setting forth a proper revocation from a statutorily authorized official;" (2) issuing a written revocation notice that provided "individualized grounds for the termination of parole;" and (3) giving Doxy "an opportunity to rebut the revocation of parole." (*Id.* at 8.)  If the Respondents failed to do so by December 18, 2025, at 12 p.m., the writ would "issue to release Doxy from custody." (*Id.*)  The Court retained jurisdiction to enforce the writ.

On December 17, 2025, the Respondents issued a written notice titled "TERMINATION OF PAROLE PURSUANT TO 8 C.F.R. § 212.5(e)." (ECF No. 7.2.) The notice was signed by "Assistant Field Officer [sic] Director" Jorge Velarde in the Office of Enforcement and Removal Operations within the U.S. Immigration and Customs Enforcement agency. (*Id.*)  The notice states:

> On December 4, 2024, pursuant to INA § 212(d)(5), the Department of Homeland Security, Customs and Border Protection issued you a parole with an I-94 and released you from custody.
>
> Neither urgent humanitarian reasons nor significant public benefit warrant your continued parole at this time. In accordance with Title 8, Code of Federal Regulations, section 212.5(e)(2)(i), your parole is hereby terminated, effective the date of this letter.

(*Id.*)  Doxy received the notice on December 19, 2025.  (ECF No. 7.1, at 2.)  He remains detained at the Otay Mesa Detention Center.  (*Id.*)

## II.    DISCUSSION

Doxy argues that the Termination of Parole notice "fails on all three grounds specified in the Order to Show Cause." (ECF No. 11 ("Petitioner's Opp'n"), at 2.)  The Court agrees.

First, the Respondents failed to set forth a revocation of parole notice issued by a statutorily authorized official.  Under the Immigration and Nationality Act, the Secretary

of Homeland Security may extend or revoke humanitarian parole. *See* Immigration and Nationality Act of 1952, Pub. L. No. 82-414, 66 Stat. 163 (amended 2025). The governing regulation delegates the Secretary's authority to various officials, including "field office directors," "deputy field office directors," and "other officials as may be designated in writing." 8 C.F.R. § 212.5(a). The exclusion of Assistant Field Office Directors under this section, and its inclusion in other sections, implies that Assistant Field Office Directors may not exercise the Secretary's parole authority on their own. *See Esteras v. United States*, 606 U.S. 185, 195 (2025) ("*Expressio unius est exclusio alterius*—in plain English, expressing one item of an associated group or series excludes another left unmentioned."); *see, e.g.*, 8 C.F.R. § 241.2(a)(1) (authorizing "(iii) Field Office Directors; (iv) Deputy Field Office Directors; [and] (v) Assistant Field Office Directors" to issue warrants of removal). Assistant Field Office Directors must be designated in writing as an "other official[]" to exercise the Secretary's authority to revoke parole. 8 C.F.R. § 212.5(a).

The Respondents claim that Assistant Field Office Director Velarde issued the notice "under the auspices of the Field Office Director." (ECF No. 12 ("Respondents Resp."), at 2.) But Section 212.5 clearly states that unenumerated officials must be designated in writing to exercise parole authority. Here, the Respondents provide no information that suggests Assistant Field Office Director Velarde was properly designated in writing to issue the parole revocation notice. Thus, he was not a statutorily authorized person and could not set forth a proper revocation notice.

Second, the Respondents' notice did not provide individualized grounds for the termination of Doxy's parole. The notice's statement that "[n]either urgent humanitarian reasons nor significant public benefit warrant . . . continued parole" is conclusory. It fails to state any "facts, analysis, or reasoning tied" to Doxy. (Petitioner's Opp'n, 4.)

Third, the Respondents have offered no evidence to show that Doxy was given an opportunity to rebut his parole revocation. The Respondents stated that they "do not have additional information to supplement the record" for the second or third ground. (Respondents' Resp., 2.) Based on the record presented, the Court holds that the

Respondents have failed to cure the violation of Doxy's statutory and constitutional rights found in its petition order.  (*See* Order, 6–7.)  Accordingly, the writ must issue to release Doxy from custody.  *Cf. Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020) ("[I]f a state 'fails to cure the constitutional error, *i.e.*, when it fails to comply with the order's conditions, . . . the conditional grant of habeas corpus *requires* the petitioner's release from custody.'" (quoting *Harvest v. Castro*, 531 F.3d 737, 750 (9th Cir. 2008))).

## III.    CONCLUSION

The writ of habeas corpus is **ISSUED**.  The Respondents shall immediately release Doxy from custody on the preexisting conditions of his supervision of parole that existed before his arrest on June 25, 2025.  The parties shall file a statement as to the satisfaction of the writ by January 7, 2026, at 5 p.m.  The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated:  January 5, 2026

Honorable Barry Ted Moskowitz
United States District Judge

25-cv-2609